1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   CYNTHIA CHRISTINE BLOOMFIELD, | CASE NO. 06CV1340 JM (PCL) |
| 12            Plaintiff, | ORDER DENYING MOTION TO DISMISS UNDER RULE 41; |
| 13     vs. | GRANTING MOTION TO DISMISS UNDER RULE 4(M) |
| 14   COUNTY OF IMPERIAL, a municipal corporation; SHERIFF HAROLD D. | |
| 15   CARTER, an individual; DEPUTY J. GONZALEZ, an individual; DEPUTY J. | |
| 16   CABANILLAS, an individual, | |
| 17            Defendants. | |

18
19       Defendants County of Imperial, Sheriff Harold D. Carter, Deputy J. Gonzalez,
20 and Deputy J. Cabanillas (collectively "Defendants") move to dismiss the complaint for
21 lack of prosecution pursuant to Rule 41(b); and defendants Carter and Gonzalez move
22 to dismiss the complaint for defects in service of process pursuant to Rule 12(b)(5).
23 Plaintiff Cynthia Christine Bloomfield opposes both motions. Pursuant to Local Rule
24 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons
25 set forth below, the court denies the motion to dismiss for lack of prosecution and
26 grants defendants Gonzalez and Carter's motion to dismiss the action without prejudice
27 for failure to timely effectuate service of process.

                      **BACKGROUND**
28       On June 28, 2006, Plaintiff commenced this federal question action seeking to

impose liability on Defendants pursuant to the Civil Rights Act, 42 U.S.C. §1983. Plaintiff generally alleges that Imperial County Sheriff Deputy J. Gonzalez ("Gonzalez") was dispatched to her home in response to a domestic disturbance. (Compl. ¶15). While "[i]n route to plaintiff's home, Deputy J. Gonzalez was informed by dispatch that plaintiff had a[n outstanding] warrant for her arrest." (Compl. ¶16). Upon arrival at the scene, Plaintiff informed the officers that her husband had left the residence. Plaintiff was then placed under arrest wherein defendants Cabanillas and Gonzalez allegedly "used excessive and unreasonable force in inflicting injuries" to Plaintiff, including a fractured left knee. (Compl. ¶18, 19). Based upon this generally described conduct, Plaintiff alleges two federal claims for excessive force and failure to train and three state law claims for battery, intentional infliction of emotional distress, and negligence.

Counsel for Plaintiff, initially represented by the Pacific Law Center until relieved as counsel of record on July 16, 2007, took no action to serve the summons and complaint on Defendants. On December 19, 2006, the Court issued an order to show cause notifying Plaintiff that the case would be dismissed at or after a January 16, 2007, order to show cause hearing, unless Plaintiff showed proof that Defendants had been served or good cause for failure to serve process on Defendants within the time prescribed by FED. R. CIV. P. 4(m). (Doc. # 2).

On January 16, 2007, attorney C. Colin Cossio, without having filed a substitution of counsel, appeared at the order to show cause hearing and indicated that he would be representing Plaintiff in this matter in lieu of attorney John Bell. At the hearing, the court ordered Plaintiff to serve Defendants on or before February 15, 2007. (Doc. # 3). Plaintiff did not serve Defendants on or before February 15, 2007 as ordered, and did not notify the court of her failure to comply with the Court's order of January 16, 2007. Accordingly, on May 2, 2007, the court issued a second order to show cause notifying Plaintiff that it would dismiss this case without prejudice on or after June 4, 2007, unless Plaintiff filed either (1) proof that service of the summons and

complaint were timely effectuated, or (2) a declaration under penalty of perjury showing good cause for failure to timely serve Defendants with the summons and complaint as required by this court's order of January 16, 2007, and FED. R. CIV. P. 4(m).  (Doc. # 4).

Once again, Plaintiff did not comply with the court's order.  On June 4, 2007, Cossio filed a declaration indicating that he received notice of the second order to show cause the week of Monday, May 28, 2007, and that he had been unable to contact attorney Bell at the Pacific Law Center, the counsel of record, to execute a substitution of attorney.  (Doc. # 5).  Cossio also indicated that service of process has not yet been effectuated upon Defendants.  (Doc. # 5).

On June 8, 2007, the court granted Plaintiff an additional extension of time to serve Defendants.  (Doc. # 7).  However, the court noted that the complaint would be dismissed if Plaintiff failed to "file a notice of substitution of counsel and proof of service for each Defendant on or before July 9, 2007."  (Doc. # 7).  On July 9, 2007, Plaintiff filed a certificate of service with respect to defendants County of Imperial and Deputy J. Cabanillas.  (Doc. # 9).  However, Plaintiff failed to file a proof of service for defendants Deputy J. Gonzalez and Sheriff Harold D. Carter.  Cossio indicated in a declaration that his process server was unable to serve Gonzales because Gonzales was "on vacation."  (Doc. # 9 at 2).  Cossio further indicated that his process server was unable to serve Carter because Carter was no longer Sheriff of Imperial County.  (Doc. # 9 at 2).  On July 16, 2007, more than six months after ordered to file a substitution of counsel, the court granted attorney Cossio's motion for substitution of counsel.

On August 29, 2007, Defendants filed the pending motion to dismiss for defects in service of process and lack of prosecution.  (Doc. # 13).  Plaintiff still has not effectuated service on defendants Carter and Gonzalez.

## DISCUSSION

Defendants move to dismiss the complaint on two grounds.  First, Defendants contend that the entire Complaint should be dismissed against all Defendants pursuant

to FED. R. CIV. P. 41(b) because Plaintiff has repeatedly failed to prosecute this action and delayed these proceedings to Defendants' detriment. Second, Defendants Gonzalez and Carter contend that the complaint should be dismissed with respect to them because they have yet to be served with the summons and complaint in violation of FED. R. CIV. P. 4(m) and previous orders of this court. Each motion is discussed in turn.

**The Rule 41 Motion**

Legal Standards

FED. R. CIV. P. 41(b) provides that, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2003).

The Motion to Dismiss for Failure to Prosecute

Plaintiff contends that she has previously shown good cause for the failure to serve Defendants, and therefore concludes that the Complaint should not be dismissed for failure to prosecute. After reviewing the docket in this case, it is evident that Plaintiff's attorneys have unreasonably delayed these proceedings. Indeed, Plaintiff has been ordered to serve all Defendants on at least three occasions, Plaintiff's counsel largely ignored these orders and two Defendants still remain unserved. See (Docs. # 2, 4, 7). The court finds that as time passes, it becomes harder for Defendants to defend the action because witnesses may be hard to find and memories fade. See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (passage of time can prejudice a defendant). However, as the case stands currently, two Defendants have been served, and Plaintiff has barely shown minimal good cause for the early delays. (Doc. # 7). In

1   addition, the court notes that its docket is unreasonably multiplied by the need to issue

2   repeated orders for failure to prosecute.  Notwithstanding, in light of the public policy

3   favoring disposition of cases on the merits (particularly in civil rights cases), this factor

4   weighs against dismissing the case for lack of prosecution.  After considering the docket

5   and weighing the <u>Pagtalunan</u> factors, the court concludes - by the thinnest of margins -

6    that dismissal of the complaint for want of prosecution is not appropriate at this time.

7   Plaintiff is cautioned that any future failure to timely prosecute this action will likely

8   result in the dismissal of the action.

9   **The Rule 4(m) Motion**

10       <u>Legal Standards</u>

11       FED. R. CIV. P. 4(m) provides in pertinent part that:

12       If service of the summons and complaint is not made upon a defendant
         within 120 days after the filing of the complaint, the court, upon motion
13       or on its own initiative after notice to the plaintiff, shall dismiss the action
         without prejudice as to that defendant or direct that service be effected
14       within a specified time; provided that if the plaintiff shows good cause for
         the failure, the court shall extend the time for service for an appropriate
15       period.

16   FED. R. CIV. P. 4(m) "requires a district court to grant an extension of time when the

17   plaintiff shows good cause for the delay," and "permits the district court to grant an

18   extension even in the absence of good cause."  <u>Efaw</u>, 473 F.3d at 1040.  "When

19   considering a motion to dismiss a complaint for untimely service, courts must determine

20   whether good cause for the delay has been shown on a case by case basis."  <u>In re</u>

21   <u>Sheehan</u>, 253 F.3d 507, 512 (9th Cir. 2001) (citation omitted).  Good cause, at a

22   minimum, means excusable neglect."  <u>Boudette v. Barnette</u>, 923 F.2d 754, 756 (9th Cir.

23   1991).  In order to establish good cause, a plaintiff may be required to show that "(a)

24   the party to be served received actual notice of the lawsuit; (b) the defendant would

25   suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were

26   dismissed."<u>In re Sheehan</u>, 253 F.3d at 512.

27       Absent a showing of good cause, a district court has the discretion "to extend the

28   time for service or to dismiss the action without prejudice."  <u>Id.</u> at 513 (citing <u>Petrucelli</u>

v. Bohringer, 46 F.3d 1298, 1305 (3d Cir. 1995)).  "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" Efaw, 473 F.3d at 1041.  "If the court declines to extend the time for service of process, the court shall dismiss the suit without prejudice; it shall not enter judgment in the case." United States v. 2,164 Watches, 366 F.3d 767, 772 (9th Cir. 2004).

In considering a motion to dismiss for improper service pursuant to FED. R. CIV. P. 12(b)(5), a court may consider affidavits and exhibits filed by the parties, and "[f]actual questions . . . may be determined by the Court."  Travelers Casualty and Surety Co. v. Telstar Co., 252 F. Supp. 2d 917, 922-23 (D. Ariz. 2003) (citations omitted).

Good Cause for Failure to Serve

Defendants Gonzalez and Carter contend that the complaint should be dismissed with respect to them because they have not been served with the summons and complaint despite repeated warnings by the court and the pending motion to dismiss. Plaintiff contends that a process server was unable to serve Defendants Gonzalez and Carter after the court's Order of June 8, 2007, (Docs. # 7, 9), and that Plaintiff halted efforts to serve Defendants Gonzalez and Carter thereafter because Defendants' counsel Michael Perez told Plaintiff "not to worry" about serving Defendants Gonzalez and Carter.  (Cossio Decl., ¶ 5).  Plaintiff contends there is good cause to extend time for service.

Despite repeated orders of this court to file proofs of service for each Defendant, Plaintiff has yet to serve Defendants Gonzalez and Carter.  Plaintiff contends that the latest failure to serve was the result of (1) the process server's inability to complete service, and (2) Defense counsel's representation that Plaintiff need not "worry" about service because Defense counsel intended to file an answer on behalf of all Defendants. (Cossio Decl., ¶ 4).  Defendants Gonzalez and Carter contend that the repeated delays warrant their dismissal at this time, and further that Plaintiff has not established good

1    cause for failure to serve.  Defense Counsel Michael Perez filed a declaration in support

2    of the motion to dismiss in which he stated that he agreed to accept service on behalf

3    of all Defendants.  (Perez Decl., ¶¶ 2-6).  However, Perez denied telling Cossio that he

4    intended to file an answer on behalf of all Defendants.  <u>Perez Decl.,</u> ¶¶ 2-6.

5         As noted by the Court of Appeal for the Third Circuit, "reliance upon a third

6    party or on a process server is an insufficient basis to constitute good cause for failure

7    to timely serve, and is also an insufficient basis for granting an extension of time to

8    effect service."  <u>Petrucelli</u>, 46 F.3d at 1307 (cited with approval by <u>Matasareanu v.</u>

9    <u>Williams</u>, 183 F.R.D. 242, 245-47 (C.D. Cal. 1998)).  Here,  following this court's

10   Order of June 8, 2007, Plaintiff attempted to serve Defendants Gonzalez and Carter via

11   a process server, yet the process server was unable to affect service because Defendants

12   could not be located.  Thereafter, a month passed until attorney Perez allegedly told

13   Cossio not to worry about service.  However, Plaintiff has not established or alleged

14   that during that month efforts were taken to locate Defendants Gonzalez and Carter.

15   Rather it appears there were "half-hearted" efforts to serve the remaining Defendants.

16   <u>Petrucelli</u>, 46 F.3d at 1307.  The court finds that Plaintiff's argument that a process

17   server was unable to locate Defendants Gonzalez and Carter does not establish good

18   cause - a single attempt at service of process over a 16 month period of time hardly

19   constitutes good cause.

20        Plaintiff also attempts to establish good cause by shifting the blame to Defense

21   counsel Michael Perez.  Plaintiff's counsel Colin Cossio states in his declaration that

22   Perez told him "not to worry" about service for Defendants Gonzalez and Carter

23   because Perez was going to file an answer on behalf of all Defendants.  (Cossio Decl.,

24   ¶ 4).  Perez contradicts Cossio in Perez's own declaration.  Perez admits that he agreed

25   to accept service on behalf of all Defendants, but denies telling Cossio that he would

26   file an answer on behalf of all Defendants.  (Perez Decl., ¶¶ 4-5).

27        After reviewing the declarations, the court finds that Perez's agreement to accept

28   service on behalf of all Defendants did not operate as a waiver of service for Defendants

Gonzalez and Carter.  An agreement to accept service does not equal an agreement to waive service, and there is no evidence that Defendants Gonzalez and Carter intended to waive service here.  In addition, and regardless of what Cossio told Perez, the court finds that Plaintiff failed to comply with this Court's Order of June 8, 2007 requiring Plaintiff to file a proof of service for all Defendants.  (Doc. # 7).  "[I]t is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served."  Putname v. Morris, 833 F.2d 903, 905 (10th Cir. 1987).  After reviewing the briefing, declarations, and the docket in this case, the Court concludes that Plaintiff has failed to establish good cause for failing to serve Defendants Gonzalez and Carter, particularly in light of the prejudice which Defendants have suffered and continue to suffer as a result of the passage of time.

Discretionary Extension of Time

Absent a showing of good cause, a district court has the discretion "to extend the time for service or to dismiss the action without prejudice."  In re Sheehan, 253 F.3d at 513.  "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"  Efaw, 473 F.3d at 1041 (citation omitted).

After reviewing the briefs and declarations in this case, the court concludes that a discretionary extension of time to serve Defendants Gonzalez and Carter is not warranted under the circumstances.  This Court has repeatedly ordered Plaintiff to file proofs of service for Defendants Gonzalez and Carter, and each time Plaintiff has failed to comply.  In addition, Plaintiff has not alleged or established that she will suffer prejudice if Gonzalez and Carter are dismissed.  Defendants, however, have alleged prejudice, and the Court finds that the delays in this case have made it more difficult for Defendants to defend this suit.  As noted in Petrucelli, "the lesson to the federal plaintiff's lawyer is not to take any chances.  Treat the 120 days with the respect reserved for a time bomb."  46 F.3d at 1307.  Here, Plaintiff ignored FED. R. CIV. P. 4(m)'s 120 day time limitation, and then failed to take advantage of the three extensions

1   which the Court subsequently provided.  (Docs. # 2, 3, 4, 5).  Under the facts of this

2   case, the Court declines to grant a fourth extension.

3        "If the court declines to extend the time for service of process, the court shall

4   dismiss the suit without prejudice; it shall not enter judgment in the case."  2,164

5   Watches, 366 F.3d 772.  Accordingly, the Court hereby dismisses the Complaint

6   without prejudice as to defendants Gonzalez and Carter.

7                                         **CONCLUSION**

8        In sum, the court denies Defendants' motion to dismiss for failure to prosecute

9   and grants defendants Gonzalez and Carter's motion to dismiss for failure to effectuate

10  service of process. The Clerk of Court is instructed to dismiss, without prejudice,

11  defendants Gonzalez and Carter as parties to this action.

12       **IT IS SO ORDERED.**

13  DATED:  January 2, 2008

14                                          _____

15                                          Hon. Jeffrey T. Miller
                                            United States District Judge

16

17  cc:          All parties

18

19

20

21

22

23

24

25

26

27

28

06CV1340 JM (BLM)